**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RAJAHN OMAR SHARIF, | : | |
| | : | Civil Action No. 16-915 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**LINARES**, District Judge:

Presently before the Court is Petitioner Rajahn Omar Sharif's motion to vacate his sentence/petition for a writ of habeas corpus purportedly brought pursuant to 28 U.S.C. §§ 2255(e) and 2241 challenging his sentence. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and Rule 5 of the Rules Governing Section 2255 Proceedings this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner, Rajahn Omar Sharif (previously known as Leroy Smith) pled guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and use or carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) in September 1999. (*See* Docket No. 99-525 at ECF No. 4). On December 17, 1999, Petitioner was sentenced to 210 months on the Hobbs

Act charge, and an additional 60 months on the use of a firearm charge to run consecutively to the Hobbs Act sentence.  (Docket No. 99-525 at ECF No. 11-12).  Petitioner appealed his sentence, and the Third Circuit affirmed in a non-precedential opinion on January 30, 2001.  *United States v. Smith*, 254 F.3d 1079 (2001) (table decision).  It is not clear from the current record whether Petitioner filed a petition for certiorari on direct appeal.

On January 29, 2002, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting various claims, including ineffective assistance of counsel claims.  (Docket No. 02-408 at ECF No. 1).  Judge Pisano denied Petitioner's § 2255 motion and denied Petitioner a certificate of appealability on July 24, 2003.  (Docket No. 02-408 at ECF Nos. 10-11).  Petitioner appealed the denial of his § 2255 motion, and the Third Circuit affirmed the denial in June 2004. (Docket No. 02-408 at ECF No. 15).  Petitioner does not appear to have filed a petition for certiorari on his initial § 2255 motion.

On or about March 17, 2008, Petitioner filed a petition for a writ of habeas corpus, allegedly brought pursuant to 28 U.S.C. § 2241 in which he alleged that he was actually innocent of the career offender status applied to him at sentencing which is similar to the claim he raises in his current petition.  (Docket No. 08-1350 at ECF No. 1).  In May 2008, Judge Kugler dismissed Petitioner's petition finding that it was, in fact, a second or successive § 2255 motion and that this Court therefore lacked jurisdiction over it.  (Docket No. 08-1350 at ECF Nos. 2-3).  In that opinion, Judge Kugler explained in detail to Petitioner the nature of § 2255(e)'s safety valve provision, and the rare circumstances in which a convicted prisoner will be permitted to bring a § 2241 petition in place of a § 2255 motion.  *See Sharif v. Schultz*, No. 08-1350, 2008 WL 2025208, at *2-4 (D.N.J.  May 7, 2008).  Petitioner appealed, and the Third Circuit affirmed the dismissal

2

of Petitioner's alleged § 2241 petition in October 2008.   (Docket No. 08-1350 at ECF No. 5).

On February 18, 2016, Petitioner filed his current motion to vacate his sentence/habeas petition.   (ECF No. 1).   Although Petitioner titles this document a motion to vacate his sentence under § 2255(e), he essentially seeks to use § 2255(e)'s safety valve clause to bring a habeas petition pursuant to 28 U.S.C. § 2241.   In his petition, Petitioner asserts that he is "actually innocent" of the career offender enhancement because several of his prior drug convictions allegedly do not qualify for the purposes of the Guidelines.   (*Id.* at 3-6).   Petitioner therefore asserts that he should be permitted to evade the gatekeeping requirements of § 2255 and be permitted to proceed with his current petition without first acquiring certification by the Court of Appeals.   (*Id.* at 6).

## II.  DISCUSSION

### B.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), and Rule 5 of the Rules Governing Section 2255 Proceedings this Court is required to preliminarily review Petitioner's habeas petition/motion and determine whether it "plainly appears

3

from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B.  Analysis

Petitioner seeks to use § 2255(e)'s safety valve clause to evade the gatekeeping requirements of § 2255 and bring this petition without first acquiring certification from the Court of Appeals, and thus in essence seeks to bring this petition pursuant to 28 U.S.C. § 2241. Normally, a federal prisoner must bring his challenges to the validity of his sentence through 28 U.S.C. § 2255.  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015).  Indeed, § 2255 expressly prevents this Court from considering Petitioner's petition under § 2241 unless the remedy available under § 2255 is "inadequate or ineffective" to test the legality of Petitioner's sentence. 28 U.S.C. § 2255(f); *see also Concepcion v. Zickefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion*, 442 F. App'x at 623 (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21 (finding exception does not apply where a petitioner claims that his sentence, which was originally proper, now violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000));

4

*Dorsainvil*, 119 F.3d at 251-52 (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim).   The Section 2255 remedy is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251).   "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538.   Section 2255(e)'s safety-valve clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539.   That exception only applies where a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" and dismissal of the petitioner's habeas petition would therefore work a miscarriage of justice. *Dorsaivil*, 119 F.3d at 251.

As in Petitioner's previous § 2241 petition, Petitioner here attempts to raise a claim that he is "actually innocent" of being a career offender.   Although Petitioner mentions the recent Supreme Court case *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), Petitioner's claim actually instead relies upon the Third Circuit's opinion in *United States v. Hernandez*, 218 F.3d 272, 278 (3d Cir. 2000) (noting that simple possession is not a controlled substance offense sufficient to support career offender status).   This note in *Hernandez*, however, cites to *United States v. Williams*, 176 F.3d 714, 717 n. 3 (3d Cir. 1999) for the same proposition.   The proposition on which Petitioner relies in his current petition was therefore clearly the state of the law as of May 1999 when *Williams* was published, and certainly by June 2000 when *Hernandez*

5

was published.   Thus, Petitioner does not rely on any change in substantive law, but instead relies entirely on the law as it stood not only on direct appeal, but also at the time when Petitioner brought his first motion to vacate his sentence in 2002.

Petitioner clearly had the opportunity to raise his claim in his first § 2255 motion and on direct appeal, and his current claim therefore does not fit the *Dorsainvil* exception.   Petitioner's current claim, to the extent it has merit, could have been raised at least in Petitioner's § 2255 motion, and the remedy available under § 2255 would clearly have been adequate to address the alleged issue Petitioner now raises had he properly raised his claim therein and the facts proved his claims.   Petitioner has presented no evidence that there is "some limitation of scope or procedure" under § 2255 other than the gatekeeping requirements he cannot meet that would have prevented Petitioner from receiving an adjudication of his claims under § 2255, and the remedy under § 2255 is therefore clearly not inadequate here.   *Concepcion*, 442 F. App'x at 623; *Cradle*, 290 F.3d at 538.   As such, the safety-valve of § 2255(e) does not apply to Petitioner's current claim, and his current petition actually represents a second or successive § 2255 motion brought without prior certification by the Court of Appeals.   *See Sharif*, 2008 WL 2025208 at *4.

A petitioner is required to acquire certification from the Court of Appeals before he can bring a second or successive § 2255 motion in the District Court.   *See* 28 U.S.C. § 2255(h). Where a petitioner files such a motion without first obtaining the appropriate certification, this Court lacks jurisdiction to hear the motion.   *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *see also Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).   This Court must therefore either dismiss the petition for lack of jurisdiction or transfer the action to the

6

Court of Appeals.   Hawkins, 614 F. App'x at 582.   This Court can only transfer this action to the Third Circuit where it is "in the interests of justice [to] transfer" the case.   28 U.S.C. § 1631. Sections 2255(h) and   2244 permit the certification of a second or successive motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional rule, made retroactive to cases on collateral review . . . that was previously unavailable."   Petitioner's claim here is based neither on new evidence, nor on a new rule of constitutional law that was previously unavailable. As Petitioner's claim does not "prima facie satisfy the §§ 2244 and 2255(h) standard," "there [is] no reason for the District Court to transfer" Petitioner's motion to the Court of Appeals. *Hawkins*, 614 F. App'x at 582.   As such, it would not be in the interests of justice for this Court to transfer Petitioner's current petition to the Court of Appeals, and this Court must dismiss this motion for lack of jurisdiction at this time.[1]

## III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed for lack of jurisdiction.   An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

---

[1] That the Third Circuit affirmed Judge Kugler's dismissal of Petitioner's similar claims in his previous attempt at bringing a § 2241 petition further supports this conclusion.

7