*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAJAHN OMAR SHARIF, | : | |
| | : | Civil Action No. 16-915 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**LINARES**, District Judge:

Presently before the Court is the motion of Petitioner Rajahn Omar Sharif's requesting that this Court reconsider its order and opinion dismissing Petitioner's motion to vacate his sentence/petitioner for a writ of habeas corpus for lack of jurisdiction brought pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 4). For the reasons set forth below, this Court will deny Petitioner's motion.

**I. BACKGROUND**

On February 18, 2016, Petitioner, Rajahn Omar Sharif, filed a motion, purportedly brought pursuant to 28 U.S.C. § 2255(e), seeking to vacate his sentence on the grounds that he was improperly found to be a career offender on the basis of simple possession drug charges. (ECF No. 1). Although Petitioner briefly mentioned *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), in his motion, Petitioner relied upon caselaw established in this Circuit in *United States v. Hernandez*, 218 F.3d 272, 278 (3d Cir. 2000) (noting that simple possession is not a

controlled substance offense sufficient to support career offender status), and *United States v. Williams*, 176 F.3d 714, 717 n. 3 (3d Cir. 1999) (same), for the basis of his claim. (*Id.*).

On March 23, 2016, this Court entered an order dismissing Petitioner's motion as a second or successive § 2255 motion brought without leave of the Court of Appeals over which this Court lacked jurisdiction. (ECF Nos. 2-3). In so doing, this Court noted that Petitioner relied in his motion on caselaw from the Third Circuit that was in effect both at the time of his direct appeal and at the time of his original § 2255 motion, and as such found that the § 2255 remedy was not inadequate or ineffective as applied to Petitioner, and that Petitioner therefore did not meet the requirements of the safety valve set forth in § 2255(e). (ECF No. 2 at 4-7).

On or about April 18, 2016, Petitioner filed a motion asking that this Court reconsider his motion and alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 4). In this motion for reconsideration, Petitioner again mentions *Johnson*, but, as in his original motion, ultimately rests on the propositions announced in *Williams* and *Hernandez* to make his argument that he should not have been sentenced as a career offender. (*Id.* at 6-8). Thus, other than a purported summary of the history of § 2255 which is of no moment here, Petitioner's motion for consideration contains no new information or law which this Court overlooked in deciding Petitioner's case. (*Id.*).

## II. DISCUSSION

### B. Legal Standard

The scope of a motion brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Such a motion may not be used to relitigate every

2

facet of a case, but rather may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

### B. Analysis

In his Rule 59(e) motion, Petitioner presents no facts or law which this Court overlooked in deciding his motion, but instead attempts to relitigate the same issues which this Court dealt with in its order and opinion dismissing his case. The only purportedly "new" information Petitioner brings to bear is an argument that *Johnson* should be applied retroactively, and a more direct argument that this should warrant this Court granting Petitioner an opportunity to bring his claims via the § 2255(e) safety valve as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Although the Supreme Court has since held that *Johnson* is retroactive, *see generally Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (2016), that fact has no bearing on Petitioner's motion. Petitioner does not argue that he was subject to the crime of violence residual clause which was invalidated in *Johnson*, but instead argues that he was improperly

3

found to be a career offender based upon drug offenses including simple possession charges, which he argues is improper under pre-existing case law, specifically that announced in *Hernandez* and *Williams*, both of which were available to Petitioner both at the time of his direct appeal, and at the time of his original motion to vacate his sentence. *See Hernandez*, 218 F.3d at 278; *Williams*, 176 F.3d at 717 n. 3. Thus, Petitioner's claim is not based on *Johnson*, is not based on new law or facts which were not available previously, and could have been raised both on direct appeal and during Petitioner's original § 2255 motion. As such, for the reasons explained in this Court's prior opinion, Petitioner is not entitled to the safety valve as the § 2255 remedy is not inadequate or ineffective in this case, and Petitioner's motion is a second or successive motion brought without leave of the Court of Appeals. (ECF No. 2 at 4-7). This Court did not overlook any law or facts, nor did its prior opinion, which was legally and factually accurate, work a manifest injustice upon Petitioner. Petitioner has therefore failed to establish any basis for Rule 59(e) relief, and this Court will deny Petitioner's motion. *Blystone*, 664 F.3d at 415.

### III. CONCLUSION

For the reasons stated above, Petitioner's Rule 59(e) motion shall be denied. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge

4